U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 22 2010

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VALERIE JARMON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-209-A |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion of defendant, United States of America,[1] to dismiss all claims of plaintiff, Valerie Jarmon, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff failed to respond to the motion. Having considered the government's filings and the applicable legal authorities, the court concludes that the motion to dismiss should be granted.

I.

Plaintiff's Claims and Background of the Case

Plaintiff filed the instant action on March 30, 2010, complaining that in March 2008 medication prescribed for her by

---

[1] Plaintiff initially named Carswell Federal Medical Center as defendant. The court on April 13, 2010, substituted United States of America as the proper party and dismissed all claims against Carswell Federal Medical Center.

officials at Carswell Federal Medical Center ("Federal Medical Center") resulted in a severe allergic reaction. Plaintiff contends that the various treatments provided by the Federal Medical Center were ineffective, and contends she generally has not received adequate medical attention for her various medical problems that have resulted from her allergic reaction.

According to the medical records filed in conjunction with the motion to dismiss, plaintiff on March 11, 2008, began complaining to Federal Medical Center staff that her skin was itching. After evaluating plaintiff, medical staff prescribed diphenhydramine. Federal Medical Center staff evaluated plaintiff again on March 17, 2008, and noted she had been receiving injections of Interferon since January 2008. Additional medications were prescribed at that time to treat plaintiff's skin problem.

Federal Medical Center staff evaluated plaintiff again on March 27, March 31, and April 8, 2008, and prescribed additional treatment for her rash and itching. On April 8, 2008, plaintiff's primary care physician evaluated plaintiff and within a few days discontinued the Interferon, as it appeared to be causing the rash and related side effects. On April 22, 2008, after further evaluation and treatment, plaintiff was referred to

2

a contract dermatologist, who evaluated her on or around May 6, 2008. Federal Medical Center staff followed the treatment prescribed by the contract physician, and by May 12, 2008, plaintiff reported some improvement in her skin problems

On June 1, 2008, plaintiff filed a "Claim for Damage, Injury, or Death" form with the Bureau of Prisons, alleging deliberate medical indifference by Medical Center Staff related to the treatment she received following her allergic reaction to the Interferon. On January 8, 2009, the Regional Counsel for the Bureau of Prisons mailed plaintiff a letter denying her claim pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2672 et seq. Bureau of Prisons records indicate plaintiff received the letter on January 12, 2009.

II.

Analysis

Defendant contends dismissal of this action is required under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), a case is properly dismissed when the court "lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998) (citations omitted). If one of the parties challenges the court's jurisdiction, the

court has broad power to weigh the evidence and satisfy itself that it has jurisdiction to hear the case. <u>Williamson v. Tucker</u>, 645 F.2d 404, 412-13 (5th Cir. 1981). When a defendant challenges the plaintiff's jurisdictional allegations, the plaintiff bears the burden to prove that subject matter jurisdiction exists. <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001); <u>Menchaca v. Chrysler Credit Corp.</u>, 613 F.2d 507, 511 (5th Cir. 1980).

The applicable limitations period under the FTCA is stated in 28 U.S.C. § 2401(b):

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues <u>or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented</u>.

28 U.S.C. § 2401(b) (emphasis added); <u>see also</u> <u>Ramming</u>, 281 F.3d at 162. "Limitations periods in statutes waiving sovereign immunity are jurisdictional, and a court exercising its equitable authority may not expand its jurisdiction beyond the limits established by Congress." <u>Ramming</u>, 281 F.3d at 165. Limitations in statutes which waive governmental immunity must be strictly construed in favor of the government. <u>Goff v. United States</u>, 659 F.2d 560, 561 (5th Cir. 1981). Thus, to pursue a claim against

4

United States under the FTCA, the claimant must file suit within six months of the government's denial of his or her administrative claim.

Here, the government mailed its denial of plaintiff's tort claim on January 8, 2009. Plaintiff was thus required to file suit on her claims against the government within six months, or no later than July 8, 2009. Plaintiff's complaint in the instant action, filed March 30, 2010, was untimely under the FTCA. Accordingly, the court is without jurisdiction to consider plaintiff's claims.

### III.

### Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted by plaintiff, Valerie Jarmon, in the above-captioned action be, and are hereby, dismissed for lack of subject matter jurisdiction.

SIGNED July 22, 2010.

_____
JOHN McBRYDE
United States District Judge

5